UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INNOVATIVE WATER CONSULTING, LLC d/b/a IWC INNOVATIONS, <br><br> Plaintiff, <br><br> v. <br><br> SA HOSPITAL ACQUISITION GROUP, LLC d/b/a SOUTH CITY HOSPITAL, LAWRENCE E. FEIGEN, <br><br> Defendant. | Case No. 1:22-cv-00500-TWP-MKK |
| MorrisAnderson & Associates, Ltd., <br><br> Intervenor Defendant. | |

## ORDER GRANTING MOTION TO INTERVENE

This matter is before the Court on a Motion to Intervene filed pursuant to Federal Rule of Civil Procedure 24(a)(2) by MorrisAnderson & Associates, Ltd. (the "Receiver"), as general receiver for SA Hospital Acquisition Group, LLC d/b/a South City Hospital ("SA Hospital") (Filing No. 84). For the following reasons, the Court **grants** the Receiver's Motion to Intervene.

### I.     BACKGROUND

On March 15, 2022, Plaintiff Innovative Water Consulting, LLC d/b/a IWC Innovations ("IWC") initiated this action against SA Hospital and Lawrence E. Feigen (together, "Defendants"), asserting claims for breach of contract and unjust enrichment related to a Services Agreement for the sale of COVID-19 test kits. On January 23, 2023, following a ruling on Defendants' Motion to Dismiss, IWC filed its Second Amended Complaint, which is the operative pleading (Filing No. 58). Defendants filed their Answer to the Second Amended Complaint on

February 6, 2023 (Filing No. 65). This action is currently set for a Final Pretrial Conference on October 18, 2023, and trial on November 13, 2023 (Filing No. 59).

On May 15, 2023, non-party Twain GL XXV, LLC ("Twain"), the landlord that owns the property on which SA Hospital is located, filed an action against SA Hospital in the Circuit Court for St. Louis City, Missouri (the "Missouri Court"), under case No. 2322-CC00960, seeking the appointment of a receiver over SA Hospital and its non-party affiliate. On May 25, 2023, the Missouri Court entered an *Order for Appointment of Receiver* (the "Receivership Order"), which appointed the Receiver (Filing No. 84-1 at 2). On May 31, 2023, the Receiver posted a bond and took power over SA Hospital and its affiliate as receiver. *Id.* The Receivership Order granted the Receiver full power and authority to "assert any rights, claims, or choses in action of [SA Hospital]," "intervene in actions in which [SA Hospital] is a part," and/or "to intervene in any action in which a claim asserted against [SA Hospital], for the purpose of prosecuting or defending the claim and requesting the transfer of venue of the action to the court appointing the Receiver." *Id.* (alterations in original).

On June 23, 2023, the Receiver filed a Motion to Intervene (Filing No. 84).[1] To date, neither IWC nor Defendants have filed any objection to that motion.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs a party's ability to intervene in a cause of action. Rule 24(a)(2) states that a party may intervene as a matter of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party seeking to

---

[1] The Receiver also filed a Motion to Stay (Filing No. 85), which remains pending.

intervene as a matter of right under Rule 24(a)(2) must show: (1) timeliness of the application, (2) an interest relating to the subject matter of the main action, (3) potential impairment of that interest if the action is resolved without it, and (4) that the interest cannot be adequately protected by the existing parties. *See Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *Commodity Futures Trading Comm'n v. Heritage Cap. Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984).

## III.  DISCUSSION

The Receiver asserts that it interested in this litigation as Plaintiff IWC seeks to recover alleged damages SA Hospital, therefore, it must be permitted to intervene in this litigation in order to protect the Receivership Property and prevent any undue prejudice to other creditors who may have claims to the Receivership Property. As such, the Receiver argues it has satisfied each of the requirements under Rule 24(a)(2). Neither IWC nor Defendants have argued otherwise. The Court concludes that the Receiver has satisfied each of the requirements and will briefly address each requirement in turn.

### A.  Timeliness

"The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Reid, L.*, 289 F.3d at 1018 (alteration in original). In determining timeliness, courts consider "(1) the length of time the intervenor knew or should have known of [its] interest in the case, (2) the prejudice caused to the original parties by the delay, (3) the prejudice to the intervenor if the motion is denied, and (4) any other unusual circumstances." *Id.* "A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003). The "most important consideration in deciding whether a motion for intervention is untimely is whether the

delay in moving for intervention will prejudice the existing parties to the case." *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 439 (7th Cir. 1994).

Here, the Receiver moved reasonably promptly in seeking to intervene. The Receiver filed the Motion to Intervene less than one month after it was appointed by the Missouri Court, and three weeks after it posted bond and took control over SA Hospital.

The Receiver filed this motion on June 23, 2023 asserting that "the parties have not had any filing deadlines, [and] only a settlement conference has been scheduled," so "[t]he parties would not be prejudiced by the Receiver intervening as only the Receiver has authority to act for SA Hospital" (Filing No. 84-1 at 3–4). Contrary to what the Receiver asserts, nearly all of the deadlines in this case have been set and have passed, and this case is quickly approaching trial. On July 25, 2022, the Court entered its initial Case Management Plan, and on December 27, 2022, the Court set dispositive motions and discovery deadlines that passed on March 15, 2023, and June 16, 2023, respectively (Filing No. 23; Filing No. 50). Also, since January 25, 2023, this case has been set for trial in November 2023 (Filing No. 59). Nevertheless, the parties do not object to the timing of the Receiver's intervention or argue that they will be prejudiced as a result.

The Court recognizes that denying the Receiver's Motion to Intervene could result in substantial prejudice to the Receiver, since it has a statutory and court-ordered right to exert authority over SA Hospital in this action. So although several deadlines have been set and passed, considering the Receiver's promptness in moving to intervene, the potential risk of prejudice to the Receiver, and the parties' lack of objection, the Court agrees that the timely requirement is satisfied.

B. **Interest in the Litigation**

"[T]he interest of a would-be intervenor must be a direct, significant, legally protectable one." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (internal

4

quotation marks omitted). "It is something more than a mere 'betting' interest, but less than a property right." *Id.* (citations omitted). Pursuant to the Receivership Order, the Receiver "has assumed control over the receivership estate and, therefore, is interested in protecting it against any potential recoveries that this Court may grant IWC" (Filing No. 84-1 at 5). The Receiver therefore has an adequate interest in this litigation.

C.   **Effect of Disposition**

The Receiver's ability to protect its interests may be impaired if it is not permitted to intervene. "Impairment depends on 'whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding.'" *Levin v. Miller*, No. 11-cv-1264, 2012 WL 1982287, at *4 (S.D. Ind. June 1, 2012) (quoting *City of L.A. v. United Air Lines*, No. 06-C-1084, 2006 WL 1898037, at *3 (N.D. Ill. July 7, 2006)). The Missouri Court charged the Receiver with a duty to "keep and preserve all property and protect any business or business interest entrusted to the receiver." Mo. Rev. Stat. § 515.510.1; (Filing No. 84-1 at 5). In this action, IWC seeks money damages against SA Hospital, which would interfere with the Receiver's duty to keep and preserve SA Hospital's assets absent intervention.

D.   **Adequate Representation by Existing Parties**

"A party seeking intervention as of right must only make a showing that the representation 'may be' inadequate and 'the burden of making that showing should be treated as minimal.'" *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The Receivership Order enjoins SA Hospital from "exercising any and all powers of Defendants" (Filing No. 84-1 at 6). SA Hospital is therefore unable to defend itself in this matter, and thus cannot adequately represent its own interests, much less the Receiver's interests.

IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Receiver's Motion to Intervene (Filing No. 84). The Clerk is **directed** to add MorrisAnderson & Associates, Ltd., as general receiver for SA Hospital Acquisition Group, LLC d/b/a South City Hospital, as a Defendant to the docket. The Receiver is **directed** to file its answer to the Second Amended Complaint within **seven (7) days of this Order**.

**SO ORDERED**.

Date:   8/4/2023

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Julianne Dailey
Thompson Coburn LLP
jdailey@thompsoncoburn.com

Ryan Andrew Deutmeyer
Austgen Kuiper Jasaitis P.C.
rdeutmeyer@austgenlaw.com

John Joseph Morse
Morse & Bickel, P.C.
morse@morsebickel.com

Amy Marie Raimondo
Frankel Rubin Klein Payne & Pudlowski, P.C.
araimondo@frankelrubin.com